In an action to foreclose a mortgage on real property, order granting respondent’s motion to open her default in pleading, permitting her to serve an answer, and granting other relief, reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. In our opinion, it was an improvident exercise of discretion to relieve respondent of her default, under the circumstances disclosed by the record. The proof presented was insufficient to establish that respondent’s default resulted from mistake, inadvertence, surprise or excusable neglect. (Cf. Prager v. Beardsley, 133 App. Div. 592, and Carpello v. Garana, 219 App. Div. 736.) Moreover, it is not disputed that appellant is an assignee of the mortgage under foreclosure for value, nor in the affidavits in support of respondent’s motion is any fact alleged sufficient to warrant an inference that appellant had any knowledge of the facts constituting respondent’s proposed defense of usury. On the contrary, it appears without contradiction that on the assignment of the mortgage to appellant’s assignor, respondent executed an estoppel certificate in which she certified that the mortgage was a valid lien, and that there were no defenses or offsets thereto, and that on the assignment to appellant, appellant’s attorney made inquiry, and was assured *785 by respondent that the certificate was genuine, and that the mortgage was a valid lien upon the real property described therein for the full amount claimed. Nolan, P. J., Johnston, Sneed, Wenzel and MaeCrate, JJ., concur. [See post, p. 900.]